[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is prosecuted pursuant to General Statutes7-248, 8-129 -133 inclusive, particularly General Statutes 8-132.
The plaintiff seeks a reassessment of damages from the condemnation of its property located on the east side of East Street in Suffield. The property consists of 31 acres more or less of undeveloped land. In addition, there is a dwelling occupying about an acre, but this portion is not claimed to be affected by the taking. Immediately to the east of the subject property is the defendant's pollution treatment facility. Over the thirty-acre piece, the defendant has condemned as a right-of-way and easement, a strip of land 80 feet in width extending about 560 feet and running easterly to the pollution treatment property. This right-of-way does not run through the plaintiff's entire tract, but is confined to its easterly portion. In all, the right-of-way comprises 1.083 acres. It is estimated that a number of trucks or other vehicles will pass over it daily when the plant is in operation. The use of a cul-de-sac and loop roads in the development can be attempted, but approval for this would be required by the zoning regulations. Such approval is not certain.
It will cost an estimated $7,500 to construct a cross-over over the right-of-way.
The taking date was September 15, 1987.
In the taking, the owner of the tract has the right to cross and recross the easement with a roadway, and with wires, cables, sewers, etc.
The plaintiff's appraiser assigns to the property a per acre value of $30,000. He bases his opinion in part on a CT Page 4278 contract which called for a sizeable price, based upon the proviso that permission would be obtained for condominiums. This provision, the evidence indicates, was difficult if not impossible to accomplish and therefore not realistic. His opinion was also based on another sale of neighboring land which was not an appropriate comparable sale because of its special circumstances.
The sale of the so-called Hanzalek property is also relied upon by the plaintiff as a comparable sale. However, I do not accept it as such. It has not been taken as a comparable sale by any of the appraisers, with the result that the court does not have their expert analysis of it. Moreover, the evidence is not clear as to whether the sale price included the dwelling house.
The defendant's two appraisers assess a before market value of $6,300 and $5,500 per acre, respectively. These amounts appear closer to my opinion. Among the considerations are the propinquity of the pollution station and the industrial area, the small amount of frontage on East Street and the possible restrictions imposed by the zoning regulations. Possibilities may be considered because they affect market value. See Alemany v. Commissioner, 215 Conn. 437,445.
In view of all of the evidence, it is felt that a figure of $8,000 per acre is a fair market value as of the date of the taking.
As to the valuation thereafter, there is no doubt the easement in question impairs the value of the tract. Of consequence is the fact that trucks and other traffic to and from the pollution station will pass through a substantial portion of the property. A buyer could assume that this traffic could possibly increase over the years, if the Town of Suffield were to grow. Also, the building lots mostly affected would be those in closest proximity to the right-of-way. Also to be considered is the additional cost in building a crossing over the easement.
Based upon all the evidence, the applicable law, the zoning regulations, a viewing of the premises, and my own knowledge of values, the following is found :
 Before value of 30 acres at $8,000 $ 240,000 After value: 14.717 acres at $8,000 117,736 9.2 acres at $4,000 36,800 5.2 acres at $6,000 31,200 Easement of 1.083 acres 1,000 ------- CT Page 4279 Total after value $ 186,736 Less cost of crossover 7,000 ------- Net after value $ 179,736 Before value $ 240,000 Less after value 179,736 ------- Net damages $ 60,264
The appraisal fee of $1,500 and the engineering fee of the engineer are claimed by the plaintiff. However, it is noted that General Statutes 8-132 makes no reference to those items. It would seem that these matters could be postponed until the taxation of costs is considered. See General Statute 52-257 and Practice Book Sections 412, 425 and 427.
It is concluded that the damages sustained by the plaintiff are $60,264. Judgment may enter for the plaintiff for the further sum of $51,764 in addition to the $8,500 which was awarded to him by the defendant and already paid, with interest of 10% on said further sum of $51,764 from the date of taking (September 15, 1987) to the date of payment, together with taxable costs.
John M. Alexander, State Trial Referee.